UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

CLARENCE R. BROWN, JR.,

                Petitioner,

  -against-                                            9:18-CV-0359 (LEK)

GERARD JONES,

                Respondent.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

On March 23, 2018, petitioner Clarence R. Brown, Jr., filed a petition for a writ of habeas corpus, as well as supporting exhibits from his state court proceedings, pursuant to 28 U.S.C. § 2254. Dkt. Nos. 1 ("Petition"); 1-1 to -9 ("Exhibits"). He has paid the statutory filing fee.

**II.    DISCUSSION**

Petitioner challenges a 2008 judgment in New York State Supreme Court, Cayuga County, of second-degree burglary and fourth-degree promoting prostitution. Pet. at 1, 36.[1] The Appellate Division, Fourth Department, modified the judgment, and, as modified, affirmed his conviction. <u>Id.</u> at 3; <u>accord</u> <u>People v. Brown</u>, 902 N.Y.S.2d 276 (App. Div. 2010). The Court of Appeals denied leave to appeal on August 5, 2010. <u>People v. Brown,</u> 934 N.E.3d 896 (N.Y. 2017). Although the Petition is somewhat unclear, Petitioner appears to assert that he filed at least one motion to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10, and that, on February 23, 2012, the Cayuga County Court

---

    [1]  The cited page numbers for this document refer to the pagination generated by the Court's electronic filing system ("ECF").

denied this motion. Pet. at 40. Finally, on August 21, 2017, Petitioner filed a motion for a writ of error coram nobis, Pet. at 46, which the Appellate Division denied, People v. Brown, 156 A.D.3d 1492 (App. Div. 2017).

Petitioner's grounds for habeas relief are also unclear. The 82-page Petition is interspersed with reproductions of question-and-answer exchanges from hearing and trial transcripts, excerpts from documents filed in support of, or in response to, motions filed in state court, and decisions issued by the state courts in the course of the prosecution. See, e.g., Pet. at 4–32, 43–45, 62–66, 72–75. As a result, the Court is unable to decipher Petitioner's grounds for habeas relief and cannot determine whether he properly exhausted those grounds in state court or whether the Petition was timely filed.[2] The state court records filed by Petitioner, which largely consist of short transcript excerpts, shed little light onto the grounds Petitioner intends to advance in this proceeding.

Petitions under § 2254 are subject to a one-year statute of limitations that generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 149–50 & n.9 (2012).[3] For purposes of § 2244, a state conviction becomes

---

[2] Petitioner previously filed an amended petition for federal habeas relief in this district and, on June 13, 2017, that petition was dismissed because Petitioner's error coram nobis motion was still pending in state court. Brown v. Superintendent, No. 17-CV-461, 2017 WL 2559995, at *2 (N.D.N.Y. June 13, 2017).

[3] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence).

"final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. Gonzalez, 565 U.S. at 150. Properly filed state court applications operate to toll the limitations period if the applications are filed before the one-year limitations period expires. § 2244(d)(2); Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. Saunders, 587 F.3d at 548.

The one-year statute of limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Courts have also recognized an equitable exception to the one-year statute of limitations in cases where a petitioner can prove actual innocence. McQuiggin v. Perkins, 569 U.S. 383, 386, 392 (2013).

In addition to satisfying the statute of limitations, an application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A), (B)(i)–(ii).

---

§ 2244(d)(1)(B)–(D). The Court cannot determine whether any of these later dates for measuring the limitations period may apply in this case.

To properly exhaust his claims, a petitioner must raise all claims in state court prior to raising them in a federal habeas corpus petition. In doing so, a petitioner must "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted).

Finally, the Court notes that Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires that a habeas petition "(1) specify all grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Habeas Rule 2(c)(1)–(2).

Here, Petitioner appears to assert that he exhausted his claims, but it is difficult to decipher exactly what applications Petitioner filed in state court, when he filed them, and when they concluded.[4] Without that information, the Court cannot determine whether the Petition is timely or whether Petitioner properly exhausted his claims. Additionally, because Petitioner has reproduced excerpts from various transcripts and other documents within his Petition, the Court cannot determine the grounds he intends to raise in support of his Petition.

In light of his pro se status, Petitioner will be given an opportunity to file an amended petition as outlined below to address these deficiencies. If Petitioner fails to file an amended petition, this action will be dismissed without further order of the Court.

---

[4] Indeed, Petitioner has reproduced, within his Petition, the text of the prosecution's response to a CPL § 440.10 motion that he filed in state court. That text states that "[t]he defendant has filed several similar motions." Pet. at 51.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner may file an amended petition **within thirty days** of the filing date of this Decision and Order. The Clerk is directed to provide Petitioner with a blank § 2254 habeas petition for that purpose. Petitioner shall complete every part of the blank petition, including the sections that require him to state the name and location of the court that entered the judgment of conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, and the length of the sentence received. He must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, the grounds raised in each application, and the date(s) upon which the court(s) denied each application. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground, in the amended petition.**

Petitioner **shall not** incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Decision and Order. Petitioner must sign and date the amended petition; and it is further

**ORDERED**, that if Petitioner does not file an amended petition **within thirty days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of this Court; and it is further

**ORDERED**, that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED**, that the Clerk of the Court shall serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 11, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge