UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

CLARENCE R. BROWN, Jr.,

              Petitioner,

   -against-                                      9:18-CV-0359 (LEK)

GERARD JONES,

              Respondent.
─────────────────────────────────────────────

**DECISION AND ORDER**

**I.    INTRODUCTION**

In March 2018, petitioner Clarence R. Brown, Jr., filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Attached to his Petition, Petitioner included a number of records from his state court proceedings. Dkt. Nos. 1-1 through 1-9 ("State Court Records"). On April 11, 2018, the Court directed Petitioner to file an amended petition because his original petition failed to state the grounds for relief, the facts supporting those grounds, whether those grounds were exhausted, and whether the Petition was timely filed. Dkt. No. 6 at 2–4 ("April 2018 Order").

Now before the Court is Petitioner's amended petition, as well as certain records apparently from—or referring to—his state court criminal, family court, and immigration proceedings. Dkt. Nos. 9 ("Amended Petition"), 9-1, 10.

**II.    DISCUSSION**

Petitioner challenges a 2008 judgment of conviction in Cayuga County on two counts of

second degree burglary and one count of fourth degree promoting prostitution. Am. Pet. at 2–3.[1] On June 11, 2010, the Appellate Division modified the judgment and, as modified, affirmed his conviction on direct appeal. People v. Brown, 902 N.Y.S.2d 275 (N.Y. App. Div. 2010) (modifying the judgment by directing that the sentences imposed upon the two burglary counts run concurrently, rather than consecutively). The New York Court of Appeals denied leave to appeal. People v. Brown, 934 N.E.2d 896 (N.Y. 2010).

Petitioner asserts that he filed other, unspecified applications for post-conviction relief in March 2015 and August 2017. Am. Pet. at 9–10. It is not clear what those applications were, but the Appellate Division denied Petitioner's motion for a writ of error coram nobis in December 2017. People v. Brown, 65 N.Y.S.3d 820 (N.Y. App. Div. 2017).

With respect to his grounds for habeas relief, Petitioner contends that trial counsel rendered ineffective assistance by failing to seek suppression of "all evidence" and to "conduct a[n] adequat[e] investigation." Am. Pet. at 10, 17 ("[T]hese our [*sic*] the Grounds for ineffective assistance . . . by not moving to suppress evidence and by failing to conduct [an adequate] investigation before trial"), 19 (asserting that defense counsel "failed to follow up [on] information" related to a money order of uncertain relevance), 20 (asserting that defense counsel was "sepose [*sic*] to tell the [j]ury" that Petitioner did not reside in Cayuga County), 38 (asserting that defense counsel failed to investigate a witness's "inconsistent stateme[n]ts"), 52 (asserting that defense counsel "allowed [a witness] to identify" Petitioner "in front of the jury," despite the

---

[1] The cited page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

fact that a witness could not identify Petitioner from a photo array). Petitioner also appears to contend that the evidence presented to the grand jury was legally insufficient. Id. at 58.

However, much like his original Petition, the remainder of the sixty-page Amended Petition consists of apparent reproductions of question-and-answer exchanges from hearing and trial transcripts, excerpts from documents filed in support of, or in response to, motions filed in state court, and text from correspondence between the prosecutor and defense counsel. See id. at 10–60. As the Court noted in its April 2018 Order, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") requires that a habeas petition "(1) specify all the grounds for relief available to the Petitioner, and (2) state the facts supporting each ground." Habeas Rule 2(c)(1)–(2). The lengthy and often incoherent reproductions of testimony and other matter within the Amended Petition render it difficult to decipher the facts supporting Petitioner's otherwise conclusory ineffective assistance claim, or what other grounds for relief, if any, Petitioner intends to raise. See, e.g., Fair v. Duffy, No. 14-CV-4836, 2015 WL 13239992, at *2 (S.D.N.Y. July 27, 2015) (recommending dismissal because Petitioner submitted a mostly "nonsensical" petition that failed to permit the Court and Respondent to "comprehend the grounds for relief and the underlying facts and legal theory supporting each ground."), adopted, 2017 WL 1310810 (S.D.N.Y. Apr. 19, 2017). See also Jackson v. Albany Appeal Bureau Unit, 442 F.3d 51, 54 (2d Cir. 2006) (affirming dismissal of habeas suit pursuant to Rule 2(c) on the basis that petition was unintelligible). The difficulty in deciphering the Petition is compounded by the fact that (1) Petitioner did not use the form petition with which the Court previously

supplied him, and (2) many of his numerous exhibits appear to concern unrelated matters, including other state criminal charges, family court proceedings, and immigration proceedings.[2]

Additionally, the Amended Petition raises questions regarding whether the Amended Petition is timely and the claims are properly exhausted. Here, Petitioner appears to assert that he exhausted his claims, but it is difficult to decipher exactly what applications Petitioner filed in state court, when he filed them, and when they concluded. See, e.g, Pierre v. Griffin, No. 13-CV-6558, 2014 WL 4905534, at *3 (E.D.N.Y. Sept. 30, 2014) (explaining that it was "unclear whether [petitioner's] petition contains an unexhausted claim" because it was "unclear exactly what claim or claims he" sought to advance; noting that petitioner's apparent ineffective assistance claim was "phrased so broadly that it could easily encompass several claims"). Although Petitioner appears to recite the point headings encapsulating the arguments he raised on direct appeal, none of those point headings relate to trial counsel's alleged ineffectiveness. See Am. Pet. at 4–7.

In light of his pro se status, Petitioner will be given an opportunity to submit a second, and final, amended petition that fully complies with the pleading requirements of Habeas Rule 2(c) and is sufficiently coherent to permit a response from Respondent. To this end, the Clerk is directed to provide Petitioner with another blank § 2254 habeas petition. Petitioner shall clearly answer each and every part of that blank petition, including those portions that require him to

---

[2] See, e.g., Dkt. No. 9-1 at 6–7 (correspondence regarding charges in the Town of Sodus), 22 (liquor license bearing Petitioner's name), 54 (letter from Petitioner to the Executive Office of Immigration Review, referring to the fact that "ICE has a warrant lodged" against him), 62 (correspondence to Petitioner from the New York State Office of Temporary & Disability Assistance, Division of Disability Determinations); Dkt. No. 10 at 10–11 (transcript excerpt from January 27, 2012 proceeding in Cayuga County Family Court).

state the precise grounds on which the petition is based, the facts supporting each ground, and the relief he seeks in this action. Petitioner shall not incorporate any document by reference in his second amended petition, and shall not attempt to reproduce extraneous documents or transcripts therein. If Petitioner fails to file a second amended petition within thirty days of the filing date of this Decision and Order, this action shall be dismissed without prejudice and without further order from the Court. Habeas Rule 4.

### III.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Petitioner may file a second amended petition, challenging his 2008 Cayuga County conviction, within thirty days of the filing date of this Decision and Order. The Clerk is directed to provide Petitioner with a blank § 2254 habeas petition for that purpose. Petitioner shall complete every part of the blank petition, including the sections that require him to state the name and location of the court that entered the judgment of conviction, the date of the judgment of conviction, the offense(s) for which he was convicted, and the length of the sentence received. He must also state the date(s) upon which he filed any state court proceedings in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, the grounds raised in each application, and the date(s) upon which the court(s) denied each application. **Petitioner must specify all of the grounds upon which his federal petition is based, and the facts supporting each ground, in the second amended petition.**

Petitioner **shall not** incorporate any portion of his original papers into his second amended petition by reference. He must include all relevant information in the second amended

petition and shall submit only one such petition in accordance with the terms of this Decision and Order. Petitioner must sign and date the second amended petition; and it is further

**ORDERED**, that if Petitioner does not file a second amended petition within thirty days of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without further order of this Court; and it is further

**ORDERED**, that upon the filing of any second amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED**, that the Clerk shall serve a copy of this order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    June 21, 2018
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge